1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| JAMES P. RODRIGUEZ, | Case No. 2:24-cv-08081-MCS (GJS) |
| Plaintiff | **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |
| v. | |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, | |
| Defendant. | |

On September 20, 2024, Plaintiff, a pretrial detainee proceeding *pro se*, submitted a Complaint pursuant to 42 U.S.C. § 1983. [Dkt. 1 ("Complaint")]. The Complaint seeks monetary damages against a governmental agency. On December 2, 2024, the Court granted Plaintiff's request to proceed without prepayment of the full filing fee. [Dkt. 5.]

Under 28 U.S.C. §§ 1915(e)(2) and 1915A and 42 U.S.C. § 1997e(c)(1), federal courts are required to screen prisoner complaints and dismiss them if they are determined to be frivolous, malicious, fail to state a claim upon which relief may be granted, or seek relief against a defendant who is immune from suit. *See Hebrard v. Nofziger*, 90 F.4th 1000, 1006-07 (9th Cir. 2024); *Lopez v. Smith*, 203

1

1  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) ("It is also clear that section 1915(e)
2  not only permits but requires a district court to dismiss an in forma pauperis
3  complaint that fails to state a claim."). Screening "dismissals for failure to state a
4  claim are obligatory, even if the court raised the legal basis for the dismissal *sua
5  sponte*." *Hebrard*, 90 F. 4th at 1007. If the above-noted defects in a complaint are
6  found to exist "at any time," the Court is required to dismiss the complaint even if
7  some or all of the filing fee has been paid. 28 U.S.C. § 1915(e)(2).

8        On December 10, 2024, United States Magistrate Judge Gail J. Standish
9  issued a screening order based upon her review of the Complaint pursuant to the
10 above-noted standards. [Dkt. 6, "Screening Order."] The Screening Order found
11 that the Complaint suffers from several defects. One defect is procedural in nature,
12 namely, a failure to sign the Complaint in violation of Fed. R. Civ. P. 11(a). The
13 other defects are substantive and prevent the Complaint from stating a claim upon
14 which relief can be granted, namely: a failure to satisfy the requirements of *Monell
15 v. Dep't of Social Services*, 436 U.S. 658 (1978), for suing a municipal entity and/or
16 a municipal entity employee in his official capacity; and a failure to state a viable
17 Section 1983 claim. The Screening Order advised Plaintiff of his options in light of
18 Magistrate Judge Standish's conclusions and directed him to respond by January 9,
19 2025. In addition, the Screening Order warned Plaintiff that a failure to respond in a
20 timely manner could result in a dismissal of this case.

21       It is now over four weeks past Plaintiff's deadline to respond to the Screening
22 Order and he has neither responded nor sought an extension of time to do so. The
23 Court has reviewed the Screening Order and agrees with its conclusions as to the
24 Complaint's defects. Because of these defects, the Complaint fails to state a claim
25 upon which relief can be granted, and thus, the above-noted screening provisions
26 require its dismissal.

27 ///
28 ///

1  Accordingly, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), this action is
2  dismissed without prejudice.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

DATED: February 10, 2025

*/s/ Mark C. Scarsi*
_____
MARC C. SCARSI
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE